IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 2:07-cv-130-MHT |
| | ) | |
| COOPER LIGHTING, INC., | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPPOSITION TO PETITION TO REMAND

Pursuant to this Court's Order dated March 8, 2007, Defendant, Cooper Lighting, Inc., a Delaware Corporation ("CLI"), hereby files its Opposition to Plaintiff Michael Young's ("Plaintiff") Petition to Remand on the following grounds:

1.

On or about January 12, 2007, Plaintiff filed a civil action against CLI in the Circuit Court of Barbour Alabama. Plaintiff's original Complaint attempted to avoid this Court's jurisdiction by seeking back pay, front pay, liquidated damages, and attorney's fees, amounts clearly in excess of $75,000.00, but simultaneously claiming that he is "waiving any recovery in this action above $74,999.00."[1] Despite Plaintiff's artful pleading, however, Alabama Rule of Civil Procedure 54(c) allows a fact finder to give any amount a party is entitled to, even if he asks for less.

---

[1] CLI contends Plaintiff's claims are legally and factually baseless but assumes, *arguendo*, that Plaintiff may recover on his claims as alleged in his Complaint for purposes of resolving the issue of this Court's jurisdiction.

2.

CLI removed this case because the amount in controversy in the Complaint clearly exceeds $75,000. Since Plaintiff's termination through January 31, 2007, his replacement has earned approximately $38,782.24.[2] If Plaintiff received a jury verdict awarding this back pay as of January 31, 2007, and simply an additional one year of combined back pay and front pay as of the date of the verdict in an amount consistent with the current rate of pay for his former position (approximately $20,400.00), he would receive over $60,000.00 in lost wages, exclusive of any additional award for benefits. If Plaintiff proved a "willful" violation of the statute as alleged, he could be entitled to an equal amount of back and front pay as liquidated (double) damages. 29 U.S.C. § 626(b).[3] As a prevailing Plaintiff, he would also be entitled to a recovery of reasonable attorney's fees. 28 U.S.C. §§ 1331-1332; Mingus v. Bellsouth Mobility, Inc., 1999 U.S. Dist. LEXIS 17082, *14, fn. 4 (M.D. Ala. 1999) (holding attorney's fees authorized by the ADEA are included in calculating the amount in controversy and citing Eleventh Circuit Court of Appeals cases affirming $68,288.00; $29,471.00; and $24,000.00 awards of attorney's fees). Thus, the amount in controversy sought in Plaintiff's Complaint easily exceeds $100,000.00, let alone $75,000.00, and satisfies the amount in controversy requirement for removal based on diversity jurisdiction.

- Back pay = $38,782.24
- Front pay = $24,400.00

---

[2] The Affidavit of James Davis, Human Resource Director for CLI, attesting to earnings by Plaintiff's replacement through January 31, 2007, and the rate of pay applicable to claims for future lost wages under the controlling Collective Bargaining Agreement applicable at CLI was attached to CLI's Notice of Removal papers as Exhibit B.

[3] Ala. Code § 25-1-29 provides that the remedies under this statute are identical to those under the Age Discrimination in Employment Act. "The remedies . . . under this article shall be the

- Liquidated Damages = $63,182.24

- Attorney's Fees in excess of $20,000

- **Total: $146,364.48**

Even a conservative estimate of damages sought by the Plaintiff demonstrates the amount in controversy is well in excess of $75,000.00.[4]

3.

On March 6, 2007, Plaintiff filed his Petition for Remand. Rather than resolving the issue of what damages Plaintiff sought, his Petition simply repeated the ambiguous statement in his original Complaint that he was "waiving any recovery over $74,999.00." See Petition for Remand, at ¶ 4. Plaintiff also attached an affidavit. His affidavit states he will "waive any claim to damages over $74,999.00." It further claims he is seeking "reinstatement and not front pay." As described in paragraph 5 *infra*, however, Plaintiff has now flip-flopped on this position and is seeking "reinstatement into his position and/or front pay." See Initial Disclosures attached as Exhibit 1 at p. 2. Neither the Petition nor the Plaintiff's affidavit state whether Plaintiff will agree as an initial matter not to "seek" such damages in order to avoid placing damages in excess of $74,999 into controversy. Instead, the Petition and affidavit repeat that Plaintiff will "waive" recovery of such damages but only after the parties have litigated controverted damages in controversy well in excess of $100,000 and possibly presented such disputed issues to this Court and/or a jury.

---

same as those authorized under the federal Age Discrimination in Employment Act . . . ." Ala. Code § 25-1-29.
[4] Again, CLI does not believe that Plaintiff can factually or legally establish his entitlement to any element of damages but assumes, *arguendo*, Plaintiff can prevail on his claims and establish damages as alleged in his Complaint for purposes of litigating this Court's jurisdiction.

4.

The amount in controversy requirement for federal jurisdiction requires more than simply waiving damages after the parties have fully litigated damages well over $75,000 in order to avoid diversity jurisdiction. It requires that Plaintiff not place *in controversy* damages of $75,000 or more. 28 U.S.C. § 1332(a). In a good faith effort to clarify Plaintiff's contradictory position, on March 8, 2007, counsel for CLI sent a letter to Plaintiff's counsel, Jerry Roberson, asking Plaintiff to clarify whether he agrees not to "seek" damages of more than $75,000 or whether he merely is willing to waive them after the case has been fully litigated and tried. The March 8, 2007 correspondence states in relevant part:

> [T]he petition and accompanying affidavit do not clarify the ambiguity that caused our client, Defendant Cooper Lighting, Inc. ("CLI") to remove this case in the first place. The petition for remand and accompanying affidavit state that your client is willing to "waive" damages in excess of $75,000. Nowhere, however, has Mr. Young stated that he no longer "seeks" damages of more than $75,000. There is a significant difference between seeking damages of $75,000 or more during the course of a case (and seeking to litigate the issue of damages therein putting such damages in controversy) and being willing to waive damages at the conclusion of a case. It appears you and your client still intend to seek or pursue damages well in excess of $75,000 and to conduct discovery on damages in excess of $75,000, as sought in the complaint. Your recent filings merely clarify a willingness to limit or waive sums in excess of $74,999 of the damages Mr. Young will accept, should he prevail, after a verdict. We believe such a position still makes diversity jurisdiction appropriate as it places the damages being sought in excess of the $75,000 amount in controversy. This issue, however, is easy to clarify for the record.
>
> We request that your client simply provide a sworn statement that he is "seeking" damages of less than $75,000. Such a statement would resolve the conflict between the damages sought in your client's complaint (amounting to more than $75,000) and your client's statement that he is willing to waive recovery in excess of $75,000. Unless and until Mr. Young chooses to make a clear statement disavowing any claim for damages above $75,000 and to make clear that he does not seek an amount above $75,000 or seek to place $75,000 in controversy, we will be forced to litigate purported damages in excess of $75,000 and, with good cause, will oppose the petition to remand based on this controversy.
>
> Please let us know by Wednesday, March 14, 2007, whether Mr. Young will state on the record that he does not "seek" damages in excess of $75,000. We look

4

    forward to receiving clarification on this important issue.  Unless you confirm this in the designated time frame, we will assume you and Mr. Young are unwilling to clarify this issue and are seeking to avoid the federal court's jurisdiction while seeking discovery on and a verdict of damages in excess of $75,000.

CLI's March 8, 2007 correspondence is attached hereto as Exhibit 2.

5.

    Since the letter was sent on March 8, 2007, there has been no response.  Rather, Plaintiff, however, has served his Initial Disclosures in the interim.  And contrary to the statement in Plaintiff's affidavit that he is "seeking reinstatement and not front pay," Plaintiff's Initial Disclosures repeat the damages sought in the Complaint, *including the pursuit of front pay*.  The categories of damages sought in Plaintiff's Initial Disclosures are:  (1) back pay; (2) lost benefits; (3) reinstatement and/or front pay in lieu thereof; (4) liquidated damages; (4) injunctive relief; and (5) attorney's fees.  See Exhibit 1.  The disclosures do not reflect any limit on the amount of damages sought under any such category.  Id.

6.

    Plaintiff asks this Court to remand this case back to the Barbour County Circuit Court along with an entry of costs and reasonable attorney's fees associated with opposing federal jurisdiction.  See Petition for Remand at ¶ 9.  Even assuming, *arguendo*, this case was to be remanded, *though it should not be*, there is no basis to award Plaintiff related costs and fees.  CLI properly removed this case with a good basis.  Indeed, CLI even sought to avoid unnecessary costs and fees, as well as the expenditure of judicial resources, by sending its letter dated March 8, 2007.  CLI expressly offered to consent to remand if Plaintiff would simply state on the record that he does not "seek" damages above $75,000.  Plaintiff's lack of response to CLI's letter seeking clarification on the damages sought in this case is deafening.  Accordingly, Plaintiff, not CLI, has unnecessary multiplied these proceedings.  If anyone should be awarded

5

costs and fees related to these filings, it is CLI. Plaintiff's duplicitous strategy begs the question, if Plaintiff is truly waiving recovery above $75,000 why will he not agree that he does not "seek" damages above $75,000? There is only one answer: he still seeks to put into controversy, and possibly recover, damages in excess of $75,000.

7.

Plaintiff has never represented to CLI or this Court that he is not "seeking" damages in excess of $75,000. It is not enough to agree to waive damages above $75,000 after the completion of litigation and a jury trial on damages. Where the damages sought by Plaintiff are clearly in excess of $75,000, as in this case, the Plaintiff must avoid placing those damages into controversy by agreeing that he does not "seek" damages above this amount. Had Plaintiff simply stated on the record that he does not "seek" damages above $74,999, CLI would not have opposed the Petition to Remand. Plaintiff's continued refusal to clarify that he does not "seek" damages of $75,000 or greater, however, coupled with his claims for such damages in his Complaint and Initial Disclosures have placed such damages into controversy. Plaintiff carefully worded his Complaint and Petition hoping to have his cake and eat it too. But he cannot have it both ways. He intends to seek damages well in excess of $75,000 yet attempts to avoid this Court's jurisdiction with a promise that he will waive such recovery, in excess of $74,999, years in the future after a verdict from the jury or Court is rendered. Plaintiff refuses to agree not to "seek" damages of greater than $75,000 and specifically seeks recovery of categories of damages clearly in excess of $100,000, well beyond the $75,000 jurisdictional limit. Accordingly, this Court should treat the damages to be litigated during the course of this case as damages "in controversy," and deny Plaintiff's Petition to Remand.

Respectfully submitted this <u>23rd</u> day of March, 2007.

| | |
|---|---|
| LEAD COUNSEL: | <u>s/Matthew A. Freeman</u><br>Emily S. Blumenthal<br>Georgia Bar No. 064065<br>Matthew A. Freeman<br>Georgia Bar No. 275777<br>Counsel for Defendant<br><br>Jackson Lewis LLP<br>1900 Marquis One Tower<br>245 Peachtree Center Avenue, N.E.<br>Atlanta, Georgia 30303-1226<br>T: (404) 525-8200<br>F: (404) 525-1173 |
| LOCAL COUNSEL: | Joel P. Smith, Jr., Esq.<br>Williams, Potthoff, Williams & Smith, L.L.C.<br>125 South Orange Avenue<br>Eufaula, Alabama 36027-1626<br>Tele: 334-687-5834<br>Fax: 334-687-5722<br><br>ATTORNEYS FOR DEFENDANT COOPER LIGHTING, INC. |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| v. | ) | 2:07-cv-130-MHT |
| | ) | |
| **COOPER LIGHTING, INC.,** | ) | |
| **A Delaware Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I electronically filed the foregoing **OPPOSITION TO PETITION TO REMAND** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>Jerry Roberson, Esq.
>Roberson & Roberson
>8 Office Park Circle, Suite 150
>Birmingham, AL 35223

>Albert Adams, Esq.
>Russel Irby Law Firm
>257 West Broad Street
>Eufala, AL 36027-0910

This 23rd day of March, 2007.

>s/Matthew A. Freeman
>Matthew A. Freeman

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL YOUNG,                )
                              )
      **Plaintiff**         )
                              )
v.                            )
                              )   CV: 2:07-cv-130-MHT
                              )
COOPER LIGHTING, INC.,        )
A Delaware Corporation,       )
                              )
                              )
      **Defendant.**

### PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW the Plaintiff, Michael Young, and pursuant to Rule 26 of the Federal Rules of Civil Procedure files his initial disclosures.

### I - WITNESSES

The following individuals are believed to have discoverable personal knowledge concerning the factual issues raised in the complaint filed by the Plaintiff;

1. Michael Young, Plaintiff, c/o Roberson & Roberson.
2. Jeanette H. Davis, employee of Cooper Lighting, Inc.
3. James Davis, HR Manager for the Defendant, c/o Cooper Lighting
4. Lloyd McKemy, c/o Cooper Lighting, Inc.
5. Phil Klongan, Supervisor for the Defendant, c/o Cooper Lighting
6. Eddie Hall, c/o of Cooper Lighting, Inc
7. Dan Courson, c/o Cooper Lighting, Inc.

8.   Plaintiff reserves the right to supplement this list upon further discovery.

## II - EXHIBITS

A description of the documents presently within the Plaintiff's custody and control which the Plaintiff may use to support his claims.

1. Plaintiff's EEOC charge.
2. The EEOC's investigative file, including Cooper Lighting's response and attachments.

## II - DAMAGES

Plaintiff seeks damages for his unlawful termination in the following described categories.

1.   Back-pay and benefits. Plaintiff alleges that he was an hourly employee at Defendant Cooper Lighting and was terminated on or about September 22, 2005.

In addition to his gross wage loss, Plaintiff also sustained a significant loss of employment related benefits. Plaintiff does not presently have sufficient information to calculate his loss but will supplement this disclosure when that information is available to her.

2.   Plaintiff seeks liquidated damages for his claim under Alabama Code § 25-1-20 et seq. because of Defendant's wilful misconduct. Liquidated damages under the Alabama Code § 25-1-20 et seq are a doubling of his lost wages and lost employment related benefits.

3.   Plaintiff seeks reinstatement into his position and/or front-pay in lieu thereof. These equitable remedies are at the discretion of the trial court.

4.  Plaintiff seeks declaratory, injunctive and equitable relief.

5.  The plaintiff, if a prevailing party, will seek reasonable attorneys' fees, costs and expenses of this litigation.

Respectfully submitted,

_____
Jerry Roberson (ROB010)
Counsel for Plaintiff

OF COUNSEL:
Roberson & Roberson
3765 Kinross Drive
P.O. Box 380487
Birmingham, Alabama 35238-0487
Phone Number:   205.981.3906
Fax Number:     205.981.3908
E-mail: jdratty@charter.net
        tlbaker@charter.net

Albert Adams
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL. 36027-0910

## CERTIFICATE OF SERVICE

I hereby certify that I have served counsel for all parties to this action with a copy of the foregoing document by depositing same in the United States mail, properly addressed with postage thereon pre-paid, on this the _____ day of March, 2007.

Emily S. Blumenthal, Esq.
Matthew A. Freeman, Esq.
JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E
Atlanta, GA 30303-1226

_____
OF COUNSEL



| | Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | PROVIDENCE RI |
| --- | --- | --- | --- | --- |
| | 1900 Marquis One Tower | BOSTON MA | MIAMI FL | RALEIGH-DURHAM NC |
| | 245 Peachtree Center Avenue, NE | CHICAGO IL | MINNEAPOLIS, MN | RICHMOND, VA |
| | Atlanta, Georgia 30303-1226 | CLEVELAND OH | MORRISTOWN NJ | SACRAMENTO, CA |
| | Tel 404 525-8200 | DALLAS, TX | NEW YORK, NY | SAN FRANCISCO CA |
| | Fax 404 525-1173 | GREENVILLE, SC | ORANGE COUNTY CA | SEATTLE, WA |
| | www.jacksonlewis.com | HARTFORD, CT | ORLANDO, FL | STAMFORD, CT |
| | | HOUSTON TX | PITTSBURGH, PA | WASHINGTON DC REGION |
| | | LONG ISLAND NY | PORTLAND OR | WHITE PLAINS, NY |

March 8, 2007

**VIA ELECTRONIC & FIRST-CLASS MAIL**

Jerry Dean Roberson
Roberson & Roberson
3765 Kinross Drive
P.O. Box 380487
Birmingham, AL 35238-0487

        Re:    Michael Young v. Cooper Lighting
                 Case No. 2:07cv130-MHT (M.D. Ala.)

Dear Jerry:

       We received the petition to remand you filed on behalf of Plaintiff Michael Young on March 6, 2007. Unfortunately, the petition and accompanying affidavit do not clarify the ambiguity that caused our client, Defendant Cooper Lighting, Inc. ("CLI") to remove this case in the first place. The petition for remand and accompanying affidavit state that your client is willing to "waive" damages in excess of $75,000. Nowhere, however, has Mr. Young stated that he no longer "seeks" damages of more than $75,000. There is a significant difference between seeking damages of $75,000 or more during the course of a case (and seeking to litigate the issue of damages therein putting such damages in controversy) and being willing to waive damages at the conclusion of a case. It appears you and your client still intend to seek or pursue damages well in excess of $75,000 and to conduct discovery on damages in excess of $75,000, as sought in the complaint. Your recent filings merely clarify a willingness to limit or waive sums in excess of $74,999 of the damages Mr. Young will accept, should he prevail, after a verdict. We believe such a position still makes diversity jurisdiction appropriate as it places the damages being sought in excess of the $75,000 amount in controversy. This issue, however, is easy to clarify for the record.

       We request that your client simply provide a sworn statement that he is "seeking" damages of less than $75,000. Such a statement would resolve the conflict between the damages sought in your client's complaint (amounting to more than $75,000) and your client's statement that he is willing to waive recovery in excess of $75,000. Unless and until Mr. Young chooses to make a clear statement disavowing any claim for damages above $75,000 and to make clear that he does not seek an amount above $75,000 or seek to place $75,000 in controversy, we will be forced to litigate purported damages in excess of $75,000 and, with good cause, will oppose the petition to remand based on this controversy.



Jerry Dean Roberson, Esq
Roberson & Roberson
March 8, 2007
Page 2

Please let us know by Wednesday, March 14, 2007, whether Mr. Young will state on the record that he does not "seek" damages in excess of $75,000. We look forward to receiving clarification on this important issue. Unless you confirm this in the designated time frame, we will assume you and Mr. Young are unwilling to clarify this issue and are seeking to avoid the federal court's jurisdiction while seeking discovery on and a verdict of damages in excess of $75,000.

Very truly yours,

JACKSON LEWIS LLP

Matthew A. Freeman

MAF/tr
cc:    Emily S. Blumenthal, Esq. (JL-ATL)